Filed 5/6/25 P. v. Yarbrough CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>THAMAR YARBROUGH,<br><br>　　　　Defendant and Appellant. | B338587<br><br>(Los Angeles County<br>Super. Ct. No. PA063578) |

　　　　APPEAL from an order of the Superior Court of Los Angeles County, David B. Walgren, Judge. Appeal dismissed.

　　　　Thamar Yarbrough, in pro. per.; Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　No appearance for Plaintiff and Respondent.

————————————————

Thamar Yarbrough appeals from the denial of his petition for resentencing under Penal Code section 1172.1.[1]  His appellate counsel filed a brief consistent with *People v. Delgadillo* (2022) 14 Cal.5th 216 identifying no issues, and appellant then filed a supplemental brief on his own behalf.  We dismiss the appeal because the trial court's order was not appealable.

## PROCEDURAL BACKGROUND

In 2009, appellant pleaded no contest to six counts of robbery and one count of assault with a firearm, and admitted multiple enhancements in exchange for a sentence of 49 years in prison.

On April 25, 2024, appellant filed a form petition for recall of sentence and resentencing, checking the boxes to state that the following laws, which were applied when he was sentenced, had changed:  sections 1170, 1170.1, 667, subdivision (a)(1), 12022.5, and 12022.53, subdivision (b).  Appellant attached various letters of support, certificates of completion of courses taken in prison, and other documents to show his rehabilitation and prospects for a future outside of prison.

On May 8, 2024, the trial court issued an order denying appellant's petition, noting that section 1172.1 does not entitle a defendant to file a petition for relief and "declin[ing] to recall and resentence the defendant."

## DISCUSSION

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute."  (*People v. Loper* (2015) 60

---

[1] Undesignated statutory references are to the Penal Code.

Cal.4th 1155, 1159; *People v. Hodge* (2024) 107 Cal.App.5th 985, 992 (*Hodge*).)

Section 1172.1 authorizes a trial court to recall the sentences of incarcerated defendants and resentence them "at any time" upon the recommendation of certain correctional authorities, or "on its own motion" within 120 days of the date of the commitment. (§ 1172.1, subd. (a)(1).) The same section explicitly states: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (*Id.*, subd. (c).) In *Hodge*, we concluded that a trial court's order denying a defendant's request for resentencing under section 1172.1 is not an appealable order because it does not affect a defendant's substantial rights, given that a trial court has no obligation to respond at all to such a request. (*Hodge*, *supra*, 107 Cal.App.5th at pp. 998–999.) Accordingly, the trial court's order denying appellant's petition for resentencing under section 1172.1, subdivision (a)(1) is not appealable.[2]

---

[2] None of the other sections appellant listed on his petition provide a basis to recall his sentence or resentence him.

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

ASHMANN-GERST, J.

CHAVEZ, J.

4